# In the United States Court of Federal Claims

No. 26-1536C
Filed: October 16, 2026
NOT FOR PUBLICATION

**MICHAEL A. HERNANDEZ,**

***Plaintiff,***

**v.**

**UNITED STATES,**

***Defendant.***

## ORDER

The plaintiff, proceeding without a lawyer, filed this case on October 13, 2026. The case was docketed on October 15, 2026. The plaintiff seeks damages and an accounting arising from alleged violations of the defendant's fiduciary obligations under a treaty with an Indian tribe to which one of the plaintiff's ancestors allegedly belonged. The plaintiff also filed an incomplete motion for leave to proceed *in forma pauperis* ("IFP"). The plaintiff would typically be directed to file a complete IFP application, but even were he to do so, his motion would be denied.

Congress has authorized federal courts to allow a plaintiff to file a case without prepayment of the required filing fee and related costs. 28 U.S.C. 1915. While this statute allows a plaintiff to proceed without prepayment of the filing fee, it does not require courts to grant allow plaintiffs to proceed in this manner. *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016). Thus, the statute is permissive and does not create a right to proceed without prepayment of fees and expenses. Federal courts may "limit a party's permission to proceed *in forma pauperis* where [the party has] exhibited a history of frivolous or abusive filings." *Straw v. United States*, No. 2021-1602, 2021 WL 3440773, at *5 (Fed. Cir., Aug. 6, 2021). Indeed, federal "courts have a duty to deny *in forma pauperis* status to those individuals who have abused the system." *Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015); *see also Santiago v. United States*, 180 Fed. Cl. 399 (2026).

The plaintiff has filed four previous cases in this court; each of these cases raised allegations largely mirroring those presented in his current complaint. Each of these cases was dismissed for lack of jurisdiction, and one of these was also dismissed for failure to state a claim. See No 10-135; No. 10-662; No. 18-653; No. 24-1542.

In addition to the four cases he filed in this court, the plaintiff filed eight separate complaints in the United States District Court for the District of Nebraska since 1999, and all were dismissed for lack of jurisdiction or failure to state a claim. *See Hernandez v. Silverman*,

No.4:1999-cv-3235 (claim dismissed as frivolous and IFP status revoked); *Hernandez v. State of Nebraska*, No. 8:2001-cv-143 (civil rights claim dismissed as untimely; dismissal affirmed by the Eighth Circuit); *Hernandez v. United States*, No. 4:2005-cv-3294 (wide ranging claims alleging, among other things, claims of discrimination against the Sioux tribe and its members, dismissed for lack of jurisdiction); *Jones v. Britten*, No. 4:2006-cv-3314 (prison-conditions claim dismissed); *Hernandez v. Silverman*, No. 4:2008-cv-3099 (civil rights claim dismissed without prejudice to allow refiling as petition for writ of habeas corpus); *Hernandez v. United States*, No. 8:2011-cv-134 (civil rights claim, alleging in part violations of the same treaty giving rise to his claims now before this court, dismissed as improper challenge to conviction); *Hernandez v. Hart*, No. 4:2012-cv-3075 (claim alleging bribery of witness and subornation of perjury dismissed for failure to comply with court order); *Hernandez v. Frakes*, No. 4:2015-cv-3115 (prison-conditions claims dismissed for failure to state a claim).

The plaintiff is a serial litigator whose 12 prior federal cases were all dismissed for lack of jurisdiction and/or failure to state a claim. He has abused the privilege of proceeding IFP and, as a result, is not entitled to proceed without payment of the filing fee in this case before his claims are considered. The motion for leave to proceed *in forma pauperis* is **DENIED**. The plaintiff shall remit to the Clerk of Court in full the $405 in fees required to institute an action in this court no later than **November 16, 2026**. If the plaintiff fails to remit the filing fees in full by that date, the complaint will be dismissed under Rule 41(b).

It is so **ORDERED**.

s/ Richard A. Hertling

**Richard A. Hertling**
**Judge**